UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID G. DUDAS,

    Petitioner,

    v.                                                    Case No. 25-CV-208-SCD

DANIEL CROMWELL,
    *Warden, Dodge Correctional Institution,*

    Respondent.

## ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE

Following a jury trial in Wisconsin state court, in July 2014, David Dudas was convicted of fourteen counts of second-degree sexual assault by use of force; eleven counts of strangulation/suffocation; and one count each of first-degree sexual assault, second-degree reckless injury, substantial battery, misdemeanor intimidation of a witness, and misdemeanor battery. *See* ECF No. 1 at 2. All the charges stemmed from acts Dudas committed against his then-wife. He was sentenced to thirty years of initial confinement and ten years of extended supervision.

Dudas filed a post-conviction motion seeking a new trial based primarily on the alleged ineffective assistance of trial counsel. *See* ECF No. 1 at 4, 15–18. The circuit court denied the motion following an evidentiary hearing. *See id.* at 4–5; *see also* ECF No. 1-1 at 1–2. Dudas appealed on different grounds, and the Wisconsin Court of Appeals affirmed the circuit's court order and the judgment of conviction. *See* ECF No. 1 at 3, 14; ECF No. 1-1 at 3–33. On June 16, 2020, the Wisconsin Supreme Court denied Dudas' petition for review. *See* ECF

No. 1 at 3; ECF No. 1-1 at 34–35. Dudas did not file a petition for certiorari with the United State Supreme Court. *See* ECF No. 1 at 4.

On September 9, 2021, Dudas filed another post-conviction motion. *See* ECF No. 1 at 5. The second post-conviction motion asserted a number of claims, including ineffective assistance of trial counsel, ineffective assistance of post-conviction counsel, and ineffective assistance of appellate counsel. *See id.* at 18–20. The circuit court denied the motion without a hearing and later denied Dudas' request for reconsideration. *See id.* at 5; *see also* ECF No. 1-1 at 36–54. On December 3, 2024, the Wisconsin Court of Appeals affirmed the circuit court's denial of the second post-conviction motion. *See* ECF No. 1 at 45; ECF No. 1-1 at 55–79. Dudas filed a petition for review with the Wisconsin Supreme Court on January 2, 2025. *See* ECF No. 1 at 45.

Before the state supreme court issued its decision on the second petition for review, Dudas filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction in federal court. *See* ECF No. 1. The petition raises fifteen potential grounds for relief: six claims Dudas appears to have pursued during his direct appeal and nine ineffective assistance of counsel claims. *See id.* at 21–45. Acknowledging that he has not yet exhausted his state-court remedies regarding the ineffective assistance of counsel claims, Dudas seeks a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). *See* ECF No. 5.

A petitioner seeking a federal writ of habeas corpus must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 requires total exhaustion. Consequently, "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines*, 544 U.S. at 273 (citing *Rose v.*

*Lundy*, 455 U.S. 509 (1982)). Dismissing a mixed habeas petition, however, runs the risk of AEDPA's strict one-year limitation period expiring and petitioners "forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 274–77 (citing 28 U.S.C. § 2244(d)); *see also Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008). The Supreme Court therefore has permitted district courts to instead stay a mixed habeas petition and hold it in abeyance while the petitioner seeks to exhaust state-court remedies with respect to unexhausted claims. *See Rhines*, 544 U.S. at 274–77. To be entitled to a stay, the petitioner must demonstrate that (1) there is "good cause" for not exhausting his claims before filing the federal petition; (2) the unexhausted claims are "potentially meritorious"; and (3) he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 277–78.

Dudas concedes that his federal habeas petition contains both exhausted and unexhausted claims. He also recognizes that most of the one-year habeas clock has already run. Dudas' state conviction became final when the time for seeking certiorari review expired. *See* 28 U.S.C. § 2254(d)(1)(A). The clock was paused when Dudas filed his second post-conviction motion in state court, and it won't start ticking again until the Wisconsin Supreme Court decides his currently pending petition for review. *See* 28 U.S.C. § 2254(d)(2). If the state supreme court denies review, Dudas will have little time remaining on his one-year habeas clock. Thus, there's a substantial risk that Dudas would lose his opportunity for federal review if the court dismisses his mixed habeas petition.

A stay would be more appropriate in this case. Most of the unexhausted claims are currently pending before the state supreme court; Dudas says that he may need to file another post-conviction motion to exhaust the remaining claims. Although Dudas has already completed his direct appeal, he insists that his prior lawyers failed to recognize or pursue

3

several important issues. (Dudas is currently seeking state post-conviction relief without the assistance of counsel.) Indeed, each unexhausted claim involves the alleged ineffective assistance of counsel. Those circumstances amount to good cause for not raising the claims earlier. Moreover, the unexhausted claims are potentially meritorious. Dudas alleges that his lawyers performed deficiently in various ways and at different stages of the proceedings. He further alleges that there's a reasonable probability that the outcome of the proceedings—including at trial—would have been different but for counsels' errors. Those well recognized constitutional claims could have some merit. Finally, there is no evidence that Dudas has engaged in abusive litigation tactics or is intentionally trying to delay federal habeas proceedings. He has been attempting to overturn his conviction for over a decade, and it appears the pace of state post-conviction proceedings was slowed by the state courts. As Dudas persuasively argues, he has no interest in further delays.

Because Dudas has satisfied the three *Rhines* criteria, the court **GRANTS** his motion for stay and abeyance, ECF No. 5. Dudas shall alert the court as soon as practicable once his state-court proceedings have concluded; failure to do so could result in dismissal of this action for failure to prosecute. After state-court proceedings are complete, the court will lift the stay and screen the federal habeas petition in accordance with Rule 4 of the rules governing § 2254 habeas petitions.

**SO ORDERED** this 19th day of March, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge